UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 2 1 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| KEVIN FOTI and VIOLA FOTI, | CIV 06-4152 |
| Plaintiffs, | |
| -vs- | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT |
| ROGER GERLACH, in his official and personal capacities; McCOOK COUNTY SHERIFF'S OFFICE; SHELDON BUTZKE and JAMES WAHL, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A number of motions are pending before the Court in this case. For the following reasons, the Court will grant the plaintiffs' Motion to File Plaintiffs' Second Amended Complaint, doc. 77, and will deny the other motions as moot.

This action was filed pro se by Kevin Foti and Viola Foti, husband and wife. In their original Complaint, the Fotis asserted a cause of action under the Racketeer Influenced Corrupt Organization Act ("RICO"). (Doc. 1.) Plaintiffs contended that States Attorney, Roger Gerlach, told defendants Sheldon Butzke and James Wahl to take the Fotis' trailer from a construction site and keep it at Sheldon Butzke's farm. The Sheriff and other McCook County employees allegedly refused to file an offense report despite numerous requests by the Fotis. The Fotis said they were unable to conduct their business and suffered a loss of income as a result of not having the trailer. They sought damages for the lost income, rental income, and punitive damages.

The Court granted the Fotis' motion to proceed in forma pauperis and, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court was required to screen the claims in the Complaint. The Court found that the Fotis met the liberal notice pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure, but their claims did not state a federal RICO violation.[1] Throughout their Complaint, the Fotis stated that their trailer was taken without due process of law. The Complaint alleged facts sufficient to state a claim that the defendants deprived the Fotis of property without due process of law, and also a claim of an unconstitutional taking without just compensation in violation of the Takings Clause of the Fifth and Fourteenth Amendments. *See, e.g., Creason v. City of Washington* 435 F.3d 820 (8th Cir. 2006) (explaining allegations necessary to sustain a procedural due process claim, a substantive due process claim, and a takings claim). The Complaint was construed as a cause of action under 42 U.S.C. § 1983 rather than under RICO.

Defendants were served with the Complaint on October 13, 2006. Just over two weeks later, the Fotis filed a motion for summary judgment, doc. 31. The motion did not comply with the Local Rules of this Court. There was no accompanying Brief and no Statement of Undisputed Material Facts. No discovery had been done. Defendants attempted to respond to the motion. Fotis then filed another motion for summary judgment on January 24, 2007, doc. 53. They submitted what they called a Statement of Material Facts, doc. 55, but only paragraph 2 of the Statement contained some facts. Again, Defendants tried to respond to the motion.

On March 5, 2007, defendants Sheldon Butzke and James Wahl filed a Motion for Summary Judgment, along with a Statement of Undisputed Material Facts and a supporting brief. (Docs. 68, 69 and 70.) They set forth the legal theories which they believed the Fotis were pursuing, and they addressed why they are entitled to summary judgment. The Fotis have not responded to this motion.

The next document filed in this case was a Notice of Appearance by George Johnson on behalf of the Fotis. (Doc. 71.) Almost immediately after appearing in the case, Mr. Johnson filed a Motion to Amend the Scheduling Order. (Doc. 72.) In the motion, Mr. Johnson stated, in part:

---

[1] The allegations that some of the defendants took the Fotis' construction trailer and that others refused to file an offense report do not state a federal RICO violation. *Cf. Atlas Pile Driving Co. v. DiCon Financial Co.*, 886 F.2d 986 (8th Cir. 1989) ("The major purpose behind RICO is to curb the infiltration of legitimate business organizations by racketeers.").

2

> First of all, the Plaintiffs had been pursing this lawsuit *pro se*, and they simply did not know how or when to conduct the formal discovery that would be required to support and defend motions for summary judgment. Plaintiffs have recently retained George F. Johnson, who has filed a notice of appearance herein, and formal discovery will need to be conducted.

(Doc. 72.) A new Scheduling Order was issued on July 20, 2007. (Doc. 74.)

Next, Mr. Johnson filed a Motion to Amend the Complaint, doc. 76, and attached a copy of the Amended Complaint. Subsequently, a Motion to File Plaintiffs' Second Amended Complaint, doc. 77, was filed in order to correct some erroneous dates in the Amended Complaint and to include the punitive damage claim that the Fotis had in their original Complaint. Defendants have filed responses indicating that they do not oppose the motion to file Plaintiffs' Second Amended Complaint. (Docs. 78 and 79.)

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. Granting of leave to amend is within the discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). The Second Amended Complaint, drafted by Plaintiffs' lawyer, alleviates the confusion surrounding Plaintiffs' claims in this case. Defendants have no objection to the amendment and it will assist the Court. The Second Amended Complaint will be allowed. The other pending motions will be denied without prejudice to the parties' right to re-file the motions after discovery is completed. Accordingly,

IT IS ORDERED:

(1) That the Motion to File Plaintiffs' Second Amended Complaint is granted, doc. 77, and the Clerk shall file the Second Amended Complaint attached to the motion, doc. 77-2.

(2) That all other pending motions are denied as moot.

(3) That the parties shall conduct discovery and file motions in accordance with the Scheduling Order issued on July 20, 2007.

Dated this 21st day of August, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)        DEPUTY